```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Richard Kiser,                  :

          Plaintiff,            :    Case No. 2:16-cv-0422

     v.                         :    JUDGE ALGENON L. MARBLEY

Gary C. Mohr, et al.,           :    Magistrate Judge Kemp

          Defendants.           :
```

                    REPORT AND RECOMMENDATION

Plaintiff Richard Kiser filed this lawsuit against Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), the Ohio Parole Board, and the Bureau of Sentence Computation. Mr. Kiser has moved for leave to proceed *in forma pauperis* (Doc. 1), and the Court granted that request (Doc. 2). The case is now before the Court to conduct an initial screening under 28 U.S.C. §1915(e)(2). For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

                         I.  Legal Standard

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which

does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  The complaint will be evaluated under these standards.

## II. Background

The Court will presume the facts pleaded in Mr. Kiser's complaint to be true for purposes of deciding whether he has stated a claim which can properly be heard by this Court.  Mr. Kiser is currently incarcerated in Marion Correctional Institution.  He brings this lawsuit against Gary Mohr as the Director of the Ohio Department of Rehabilitation and Correction, the Ohio Parole Board, and the Bureau of Sentence Computation.  Mr. Kiser alleges that he is being unlawfully incarcerated in violation of his Fourteenth Amendment rights.

On July 1, 1996, Ohio Senate Bill 2 ("SB2") went into effect, which effected significant changes in Ohio's criminal code, modifying the classifications of criminal offenses and corresponding sentences.  Prior to the enaction of SB2, those convicted of crimes received an indefinite sentence and the Ohio Adult Parole Authority determined the amount of time the inmate would serve before being released on parole.  Individuals convicted after SB2 generally received a definite term of incarceration.  Because there was no longer a minimum or maximum sentence, there was no need for a parole system for inmates

sentenced after SB2.  Instead, a term of supervised release was normally added to their sentences.

In 2007, Mr. Kiser was on parole for 1996 criminal convictions and was arrested and returned to prison due to a parole violation.  He faced new criminal charges as well at that time, of which he was ultimately convicted.  At the time of his 1996 convictions, Mr. Kiser's sentence and parole were carried out under what he refers to as the "Old Law," and he was assigned inmate number 338-486.  His Old Law parole was revoked prior to the 2007 convictions, and upon the new convictions he was assigned inmate number 588-239.  On December 5, 2010, Mr. Kiser was released from prison because he had served his entire 2007 sentence.  However, he was still considered to be subject to 13 months of the Old Law parole.  At a release of supervision hearing in 2014 Mr. Kiser was informed that he owed the State of Ohio an additional year on parole for the 1996 convictions.  On June 22, 2015, Mr. Kiser was again returned to prison for a parole violation.  At an August 3, 2015, parole revocation hearing, he was sentenced to serve an additional 36 months in prison for that parole violation.

Mr. Kiser objects to the fact that he was assigned inmate number 588-239 upon his return to prison in 2015.  He alleges that officials told him that inmate number 588-239 was expired due to his having served the entire sentence linked to that number for the 2007 convictions.  He argues that the prison officials retained the old inmate number in order to "hide" his Old Law conviction because the federal government stopped providing funding for inmates with numbers linked to the Old Law.  According to Mr. Kiser, his Old Law sentence was 5-25 years, which would have expired in 2021.  He claims that the Defendants added two more years to this sentence, resulting in the sentence not expiring until 2023.  He asserts that the system is unfairly

biased against Old Law convictions because, for example, if a SB2 inmate commits a crime on the last day of his sentence he will still be released, but an Old Law inmate in the same situation would be subject to a parole violation and serve additional time.

Mr. Kiser requests court appointed counsel and compensatory damages of $20 million, or alternatively, release from prison (Doc. 3 at 10).

### III.  Discussion

Mr. Kiser alleges that he is being held in violation of his Fourteenth Amendment rights, which the Court construes as a claim under 42 U.S.C. §1983.  The Court first notes that Mr. Kiser has requested either money damages or release from confinement. However, it is settled law that release from prison is not the proper subject of a case brought under §1983.  Preiser v. Rodriguez, 411 U.S. 475 (1973).  The only way a state prisoner can obtain such an order in this Court is through a petition for a writ of habeas corpus filed under 28 U.S.C. §2254.  A federal habeas corpus action cannot be maintained until the petitioner has exhausted all available state remedies challenging his incarceration.  Id. at 489.  There are no allegations in the complaint that Mr. Kiser has exhausted his state remedies so Mr. Kiser is not able to seek release from prison via a habeas petition.

The Supreme Court's decision in Heck v. Humphrey, 114 S.Ct. 2364 (1994), controls Mr. Kiser's request for damages under §1983.  Heck makes clear that no §1983 cause of action for money damages arising out of an allegedly unlawful incarceration exists until the underlying sentence or conviction is legally eliminated.  Under Heck, a §1983 plaintiff "must prove that a conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" before any suit for money damages relating to that sentence or conviction

can be commenced.  Id. at 2372.  If a judgment in favor of the plaintiff would necessarily imply that a conviction or sentence was invalid, the court is to dismiss the action unless the conviction or sentence has been previously invalidated.  Id.

The Sixth Circuit Court of Appeals considered a case similar to Mr. Kiser's in which the plaintiff challenged the administration of his parole proceedings and ultimate parole revocation.  Norwood v. Michigan Dept. of Corrections, 67 F.Appx. 286 (6th Cir. May 23, 2003).  Affirming the district court's dismissal of the claim pursuant to 28 U.S.C. §1915(e)(2), the Court held that because the plaintiff's allegations necessarily implied the invalidity of his confinement, and he was unable to show that his parole revocation was overturned by a court or by a federal habeas decision, his claim was not cognizable under §1983.  Id. at 287.

Similarly, in the present case, Mr. Kiser does not challenge the validity of his convictions, but what he deems to be unjust conduct by the ODRC, Ohio Parole Board, and the Bureau of Sentence Computation.  He argues that individuals convicted of crimes prior to the enactment of SB2 are subject to an unfair disadvantage in respect of the ramification of parole violations and actual time an individual may serve.  This perceived injustice was raised in various Ohio courts in the past by a number of individuals who had been convicted prior to and sentenced after the effective date of SB2.  Differing results were reached by various Court of Appeals.  On consolidated appeal, the Ohio Supreme Court upheld the application of SB2 sentencing policies to all crimes committed on or after July 1, 1996 and clarified that the amended sentencing provisions in SB2 were not intended to be applied retroactively.  State v. Rush, 83 Ohio St.3d 53 (1998).

Mr. Kiser admits that his 1996 convictions, which had a sentence range of 5-25 years, will not reach their maximum until 2021.  He also raises the fact that his inmate number being the

number assigned to him for the 2007 convictions, even though he is currently incarcerated as a result of parole violations on the 1996 convictions. Mr. Kiser implies that his assigned inmate number has or had an effect on the length of his sentence or related parole proceedings. He claims that the Defendants have added two years to his maximum sentence, but as discussed above, challenges to the fact or duration of confinement must be made pursuant to a petition for a writ of habeas corpus after the exhaustion of all state remedies. Preiser, supra.

     For the foregoing reasons, the Court recommends that this case be dismissed.

### IV. Recommendation

     For all of the reasons stated above, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2).

### V. Procedure on Objections

     If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge
