IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD KISER,** | : | |
| | : | Case No. 2:16-CV-0422 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| **GARY C. MOHR,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation. (Doc. 4.) The Magistrate Judge recommends that this Court dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff objected to the Report and Recommendation. (Doc. 5.) Upon independent review, the Court hereby **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's complaint is **DISMISSED**.

### I.  BACKGROUND

Plaintiff Richard Kiser, an Ohio state inmate proceeding *pro se*, filed this lawsuit against Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction (ODRC), the Ohio Parole Board, and the Bureau of Sentence Computation. (Doc. 4 at 1.) Plaintiff alleges that he is being incarcerated unlawfully, in violation of his rights under the Fourteenth Amendment of the United States Constitution. (Doc. 3.) Thus, Plaintiff seeks court-appointed counsel and release from confinement or, alternatively, compensatory damages of $20 million. (Doc. 3 at 10.) In the complaint, Plaintiff does not challenge allege that he has exhausted his state remedies. (Doc. 4 at 4-5.)

1

Plaintiff is currently incarcerated at the Marion Correctional Institution, located in Marion, Ohio, where he is serving a sentence of 36 months for a parole violation. (Doc. 3 at 1, 3.) The circumstances leading to this suit began when Plaintiff was incarcerated in 1996 for a criminal conviction, for which he was assigned inmate number 338-486. (Doc. 4 at 3.) Plaintiff was eventually released on parole because his sentence was carried out under what he refers to as the "Old Law," the sentencing regime in place prior to the passage of Ohio Senate Bill 2 ("SB2").[1] (Doc. 3 at 5.) Plaintiff was subsequently arrested for parole violations in 2007 and returned to prison. (*Id.*) At that time, he also faced new criminal charges, and after he was convicted on those 2007 charges, he was assigned a new inmate number, 588-239. (Doc. 4 at 3.) In 2010, Plaintiff was released from prison but was told that he was still subject to thirteen months of parole for the 1996 "Old Law" conviction. (*Id.*) At some point after his release, he began serving the additional year on "Old Law" parole for the 1996 conviction. (Doc. 3 at 6.) On June 22, 2015, Plaintiff again returned to prison for yet another parole violation stemming from his 1996 conviction. (*Id.* at 6-7.) He was assigned his 2007 inmate number and ultimately sentenced to an additional thirty-six months in prison for the parole violation. (*Id.* at 6-7, 9.)

Plaintiff contends that the system is unfair and biased against "Old Law" convictions. (*Id.* at 10.) He argues that upon return to prison in 2015, officials assigned him the 2007 inmate

---

[1] Ohio Senate Bill 2 ("SB2") was not applied to Plaintiff's 1996 convictions. (Doc. 4 at 2.) The new sentencing system does not apply retroactively to inmates sentenced under the former scheme. Ohio Rev. Code. § 5120.021. Enacted on July 1, 1996, SB2 significantly modified Ohio's criminal code. *See* Ohio Rev.Code § 5120 *et seq*. Prior to its enactment, inmates received an indefinite sentence and the Ohio Adult Parole Authority ("OAPA") determined the amount of time they would be incarcerated before being placed on parole. *See* Ohio Rev. Code § 2967.03 (describing the OAPA's broad discretionary powers). Further, a person on release from a pre-SB2 definite sentence must serve the balance of the sentence. Ohio Admin. Code § 5120:1-1-19.

2

number (588-239) to "hide" his "Old Law" conviction because federal funding no longer covers inmates linked to "Old Law" numbers. (*Id*. at 8.) Plaintiff claims that the Bureau of Sentence Computation considers his "Old Law" prisoner number 388-486 expired, which is an indication that the prisoner has "maxed out" the sentence. (*Id*. at 9.) Plaintiff contends that his "Old Law" sentence of five to twenty-five years should be set to expire in 2021, but that it was improperly extended by two years, giving it a new expiration date of 2023. (*Id*. at 9-10.)

Plaintiff asserts that Defendants are holding him in violation of his Fourteenth Amendment rights, which the court construes as a claim under 42 U.S.C. § 1983. (Doc. 4 at 4.) The Magistrate Judge found that Plaintiff's complaint failed to state a claim for relief and recommended that the Court dismiss the complaint under Rule 12(b)(6). (*Id.* at 6.) Plaintiff objected to the Report and Recommendation. (Doc. 5.)

## II.     STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).  Nevertheless, the objections of a petitioner appearing pro se will be construed liberally and held to less stringent standards than documents drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Because Plaintiff moved the Court to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Magistrate Judge conducted an initial screening of the complaint under § 1915(e)(2), which provides that "the court shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief may be granted." In order to state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). While this notice pleading standard does not require detailed factual allegations, it requires more than bare assertions of legal conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is also insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A *pro se* civil rights complaint should be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### III. ANALYSIS

In his complaint, Plaintiff has requested damages or release from confinement. To obtain release from confinement, Plaintiff must obtain a writ of habeas corpus under 28 U.S.C. § 2254. Such a petition is only available unless when Plaintiff has exhausted all available state remedies challenging his incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

In his complaint, Plaintiff implies that the reassignment of his 2007 inmate number had an effect on the length of his sentence or related parole proceedings. Such a challenge to

4

confinement must be made pursuant to a petition for a writ of habeas corpus, to which Plaintiff is not entitled because he has not alleged the exhaustion of state remedies. As such, the Magistrate Judge correctly concluded that Plaintiff does not have a valid claim for release from confinement until he has exhausted his state remedies.

Additionally, under § 1983, there is no cause of action for money damages for unlawful incarceration unless the underlying sentence or conviction is legally invalidated. *Heck v. Humphrey*, 512 U.S. 477, 485 (1994). To invalidate a sentence or conviction, a Plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 485. If a judgment in favor of the Plaintiff would imply that his conviction or sentence was invalid, the Court must dismiss the action unless the conviction or sentence has been previously invalidated. *Id*.

Here, the Magistrate Judge correctly found that Plaintiff has indirectly challenged the validity of his convictions and his claim is thus barred by *Heck*. The basis for Plaintiff's complaint is perceived unjust conduct by Defendants and a disadvantage relating to the amount of time an individual may serve for parole violations stemming from convictions before SB2's enactment. The Ohio Supreme Court has upheld the application of SB2's sentencing scheme to all crimes committed after its enactment. *State v. Rush*, 697 N.E.2d 634, 639 (1998). The *Rush* Court also clarified that the provisions did not apply retroactively. *Id*. Accordingly, Plaintiff does not have a valid cause of action for damages under § 1983.

Therefore, Plaintiff fails to state a colorable Fourteenth Amendment claim under § 1983. The Court **DISMISSES** Plaintiff's complaint pursuant to § 1915(e)(2)(B).

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections (Doc. 5) and **ADOPTS** the Magistrate Judge's Report and Recommendation. (Doc. 4.) Plaintiff's due-process claim is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley    
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  August 11, 2016**